**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DEBORAH LERMAN<br>103 East Clivenden Street<br>Philadelphia, PA 19119,<br><br>       Plaintiff,<br><br>v.<br><br>FEDERAL EMERGENCY MANAGEMENT<br>      AGENCY<br>500 C Street, SW<br>Washington, DC 20472,<br><br>CENTERS FOR DISEASE CONTROL<br>1600 Clifton Road<br>Atlanta, GA 30329,<br><br>U.S. DEPARTMENT OF HEALTH AND<br>      HUMAN SERVICES<br>200 Independence Avenue, S.W.<br>Washington, D.C. 20201,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Case No. 1:23-cv-03784<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

1. The Freedom of Information Act does not allow federal agencies to take over 200 days and counting to process forty-one pages of responsive records that were identified months ago. Therefore, Plaintiff Deboarh Lerman brings this action against the Federal Emergency Management Agency, the Centers for Disease Control, and the U.S. Department of Health and Human Services under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff Deborah Lerman is a natural person and member of the general public.

5. Defendant Federal Emergency Management Agency ("FEMA") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). FEMA has possession, custody, and control of records responsive to Plaintiff's FOIA request.

6. Defendant Center for Disease Control ("CDC") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). CDC has possession, custody, and control of records responsive to Plaintiff's FOIA request.

7. Defendant Health and Human Services ("HHS") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). HHS has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

8. On May 8, 2023, Plaintiff submitted the following request to FEMA:

> Under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, I, Debbie Lerman, a member of the general public, request that you provide me with copies of the following records: Any written plans created by the U.S. government after July 1, 2019 setting forth, directing, discussing or describing the U.S. government's response to the SARS-CoV-2 pandemic including, but not limited to, the following: (1) A document entitled "Phases of U.S. Government Response to the 2019 Novel Coronavirus (2019-nCo-V)," dated February 11, 2020, and which is referred to at page 10 of the "PanCAP Adapted U.S. Government COVID-19 Response Plan," (March 13, 2020); (2) The NSC Resilience DRG PCC issued on February 24, 2020, and referred to at page 7 of the "PanCAP Adapted U.S. Government COVID-19 Response Plan," (March 13, 2020); (3) The COVID-19 Containment and Mitigation Strategy developed

      by the NSC and referred to on page 8 of the "PanCAP Adapted U.S. Government COVID-19 Response Plan," (March 13, 2020). Please provide electronic copies of any responsive records by sending them as attachments to emails to my address listed below. Thank you in advance for your prompt attention to this request.

9. These records are in the public interest because they will provide the public with a greater understanding of how the U.S. government responded to the COVID-19 pandemic. While Plaintiff filed her request in her capacity as a citizen, she is also a journalist who regularly writes articles on issues of public policy, including issues relating to COVID-19. *See generally Debbie Lerman*, Brownstone Institute (accessed Dec. 20, 2023), https://brownstone.org/author/debbie-lerman/; Debbie Lerman, *Covid mRNA Vaccines Required No Safey Oversight*, Brownstone Institute (Dec. 6, 2023), https://brownstone.org/articles/covid-mrna-vaccines-required-no-safety-oversight/. She has the intention and capability to write on information obtained through her FOIA request.

10. On May 30, 2023, FEMA provided Plaintiff with a fee estimate for processing her FOIA request.

11. That same day, Plaintiff replied, agreeing to pay estimated fees of $32.25.

12. On June 1, 2023, Plaintiff followed up to ensure her prior email was received.

13. That same day, FEMA responded in part "[y]es, we received your email agreeing to pay the fees. Your request has been sent to the appropriate program office and is currently being processed. I'll make sure to keep you informed if anything else is required."

14. On June 13, 2023, Plaintiff followed up, asking in part "It's been almost two weeks – just wondering where we are in the process?"

15. On June 15, 2023, FEMA responded in pertinent part "[w]e estimate that you will receive a response to this request on or near June 22, 2023. We will notify you if this date should change."

16. On June 23, 2023, Plaintiff followed up, stating in part "sorry to be a pest! Just hoping to get an update on my request."

17. That same day, FEMA responded in pertinent part "We apologize for the delay; unfortunately, the projected date has been changed to or near July 7, 2023."

18. Later that day, Plaintiff responded in part, asking "1) Do you know the reason for the delay? 2) Can I get just the three documents specifically named in the request before all the rest, since they are supposed to be provided on a rolling basis?"

19. Approximately thirty minutes later, FEMA responded in part "I just received an update, please expect to receive our final response by COB today."

20. Later that day, FEMA sent a purported "final response" that concluded "we do not have reason to believe FEMA would have records responsive to this request."

21. Within an hour, Plaintiff responded, challenging this assertion and noting in part "on March 18, 2020, FEMA replaced HHS as the Lead Federal Agency for Covid response."

22. FEMA responded in pertinent part "I have received your email and will bring up your concern and forward this email to the program office and personnel involved in this request. I'll be providing you an update as soon as I hear from them."

23. After additional back and forth between Plaintiff and FEMA regarding the status of the request, on July 12, 2023, FEMA responded in pertinent part:

> Jennifer brought your reply to my attention, and I asked to reopen the request and search again for any of the documents you identified in our possession. I'm sure you are aware that our agency, the Department of Health and Human Services (HHS), and the Executive Office of the President (WH) collaborated

4

  on a task force to respond to the pandemic. The result was many COVID-19 documents that contain equity from all three groups. I mention this because if we do locate the responsive records, we will not provide a final determination on them if they contain equities from either HHS or the WH. Instead, we will forward the records to either group and they will in turn provide you with the final response. If we do have to take this approach, we will send you a formal letter letting and include a POC for each office that would be receiving your request.

  I also ask Jennifer to provide you with a status update no later than July 17, 2023.

24. On July 17, 2023, FEMA replied, indicating that it had referred Plaintiff's request to the Department of Homeland Security and HHS. *See* July 17 Referral Letter (attached as Exhibit A).

25. That same day, the CDC—a subagency of HHS—acknowledged receipt of Plaintiff's FOIA on referral from FEMA. *See* July 17, 2023, Acknowledgement Letter (attached as Exhibit B). This letter stated in part "[w]e reasonably anticipate that you should receive your documents by August 14, 2023."

26. On August 14, 2023, CDC followed up, stating in pertinent part "[y]our FOIA request is still in my processing queue. We process FOIAs on a first in/first out basis. Estimated dates of completion are approximate according to our workload and the request volume. I hope to complete your request in the coming weeks."

27. Later that same day, CDC provided an additional updated, stating "I anticipate having CDC's portion of the request complete by August 29."

28. On August 18, 2023, CDC informed Plaintiff that it was withholding nine pages pursuant to Exemption 5. The CDC further stated "[t]he remaining 32 pages have been referred to the Department of Health and Human Services." *See* August 18 Response Letter (attached as Exhibit C).

5

29. Also on August 18, 2023, the CDC sent a second letter stating in part "32 pages of your request have been referred to the Division of Freedom of Information for the Food and Drug Administration" and directing to contact the HHS Office of the Secretary Freedom of Information Office with any questions about Plaintiff's request. *See* August 18 Referral Letter (attached as Exhibit D).

30. On August 27, 2023, August 30, 2023, and September 12, 2023, Plaintiff reached out to HHS to confirm that it was reviewing the records.

31. On September 12, 2023, HHS responded, stating "[a]n estimated date of completion is 3 months from now."

32. HHS has yet to release the 32 pages that were referred.

33. At this time, Plaintiff's request has been pending for more than 220 days—well beyond the statutory period to respond to a FOIA request." 5 U.S.C. § 552(a)(6)(B). During this time, it has been shunted along between at least three agencies, all to review a mere forty-one pages. Yet neither FEMA, the CDC, nor HHS have made *any* determination of whether it will comply with Plaintiff's request regarding thirty-two pages for which no claim of exemption has been made. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013) ("*CREW*"). To wit, no agency has produced the requested thirty-two pages, communicated to Plaintiff the scope of these documents that it intends to produce and withhold, along with the reasons for such withholding, nor informed Plaintiff of its ability to appeal any adverse portion of its determination on these documents.

34. The CDC's determination with respect to the nine pages that were withheld pursuant to Exemption 5 is not a determination with respect to the other thirty-two pages. First, no agency has stated which portion of the remaining thirty-two pages it intends to withhold,

nor the basis for any withholding. Second, while the CDC did appraise Plaintiff of her right to appeal the determination that Exemption 5 applied to the nine withheld pages, no agency has appraised Plaintiff of her right to appeal a determination with respect to the thirty-two pages of outstanding pages, nor could they, since no agency has stated a final basis for withholding. *See CREW*, 711 F.3d at 188-87 ("Therein lies the Catch–22 that the agency seeks to jam into FOIA: A requester cannot appeal within the agency because the agency has not provided the necessary information. Yet the requester cannot go to court because the requester has not appealed within the agency. Although the agency may desire to keep FOIA requests bottled up in limbo for months or years on end, the statute simply does not countenance such a system, as we read the statutory text.").

35. Moreover, even if the August 18 letter (or any earlier letter) were a determination (it is not), the agencies' continued withholding of the thirty-two pages still outstanding would still be impermissible. In *CREW*, then-circuit judge Kavanaugh wrote "[a]s to actual production, FOIA requires that the agency make the records 'promptly available,' which depending on the circumstances typically would mean within days or a few weeks of a 'determination,' not months or years." *Id*. at 188 (citation omitted). Plaintiff's request has been pending nearly four months since the CDC referred the matter to HHS. This is more than a few days or weeks and is plainly inappropriate under the *CREW* standard. Thus, even if the August 18 letter is a "determination" with respect to the remaining thirty-two pages, the agencies' continued withholding of responsive records is unlawful.

36. In addition, on October 12, 2023, Plaintiff appealed to the CDC the withholding of nine pages pursuant to a claim of Exemption 5.

37. The CDC has yet to respond to Plaintiff's appeal.

38. Thus, CDC has failed to make a determination with respect to Plaintiff's appeal within the requisite statutory time period. *See* 5 U.S.C. § 552(a)(6)(a)(ii). Plaintiff has constructively exhausted her administrative remedies and seeks judicial relief to rectify the wrongful withholding of the nine pages for which CDC claimed an exemption.

39. Plaintiff's FOIA request was initially directed to FEMA. Thus, FEMA has an obligation to ensure that a proper response is made within the requisite timeframe. *See, e.g., Hall v. C.I.A.*, 668 F.Supp.2d 172, 182 (D.D.C. 2009) ("[T]he Court holds that the [referring agency] is responsible for responding to this request and that it must take affirmative steps to ensure that its referrals are being processed."). Given that FEMA has referred Plaintiff's request to the CDC, who in turn referred it to HHS, the CDC and HHS as included in this Complaint as necessary parties. *See* Fed. R. Civ. P. 19(a).

40. In the alternative, Plaintiff brings a claim against CDC and HHS, which are each also wrongfully withholding the outstanding records.

### COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records by FEMA

41. Plaintiff repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

42. Plaintiff properly submitted a request for records within the possession, custody, and control of FEMA.

43. FEMA is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

44. FEMA is wrongfully withholding non-exempt agency records requested by Plaintiff by failing to produce non-exempt records responsive to its request.

45. FEMA's failure to provide all non-exempt responsive records violates FOIA.

46. Plaintiff is therefore entitled to declaratory and injunctive relief requiring FEMA and any other necessary party joined to this lawsuit to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

**COUNT II (IN THE ALTERNATIVE)**

**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records by the CDC**

47. Plaintiff repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

48. Plaintiff properly submitted a request for records to FEMA, which was referred to the CDC to process with respect to records within the possession, custody, and control of the CDC.

49. The CDC is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

50. The CDC is wrongfully withholding non-exempt agency records requested by Plaintiff by failing to produce non-exempt records responsive to its request.

51. The CDC's failure to provide all non-exempt responsive records violates FOIA.

52. Plaintiff is therefore entitled to declaratory and injunctive relief requiring the CDC to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## COUNT III (IN THE ALTERNATIVE)

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records by HHS

53. Plaintiff repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

54. Plaintiff properly submitted a request for records to FEMA, who in turn referred it to the CDC, who in turn referred it to HHS with respect to thirty-two pages of records within the possession, custody, and control of HHS.

55. HHS is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

56. HHS is wrongfully withholding non-exempt agency records requested by Plaintiff by failing to produce non-exempt records responsive to its request.

57. HHS's failure to provide all non-exempt responsive records violates FOIA.

58. Plaintiff is therefore entitled to declaratory and injunctive relief requiring HHS to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

### REQUESTED RELIEF

Plaintiff respectfully requests this Court:

(1) Assume jurisdiction in this matter and maintain jurisdiction until FEMA, the CDC, and HHS comply with the requirements of FOIA and any and all orders of this Court.

(2) Order FEMA, or in the alternative, the CDC, or, in the alternative, HHS, to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, the forty-one pages of responsive records previously identified.

(3) Enjoin FEMA, the CDC, and HHS from continuing to withhold any and all non-exempt responsive records.

(4) Award the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E) and/or other applicable statute.

(5) Grant Plaintiff other such relief as the Court deems just and proper.

Dated: December 20, 2023

Respectfully submitted,

DEBORAH LERMAN

By Counsel:

/s/Gary M. Lawkowski
Gary M. Lawkowski
D.D.C. Bar ID: VA125
DHILLON LAW GROUP, INC.
2121 Eisenhower Avenue, Suite 608
Alexandria, Virginia 22314
Telephone: 703-574-1654
GLawkowski@Dhillonlaw.com

*Counsel for the Plaintiff*